**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 9 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DAVID LEE DODSON,

     Petitioner-Appellant,

v.

H.N. SCOTT,

     Respondent-Appellee.

No. 97-6320
(D.C. No. 97-CV-727)
(Western District of Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **BALDOCK**, **EBEL** and **MURPHY**, Circuit Judges.

---

    David Lee Dodson was convicted of rape in the first degree, anal sodomy, rape in the second degree by instrumentation, and oral sodomy.  (R. 1 at 2; R. 14 at 1.)  He appeals the district court's denial of his petition for a writ of habeas corpus, see 28 U.S.C. § 2254 (West. Supp. 1997), and its denial of his request for a certificate of appealability, see 28 U.S.C. § 2253(c)(2) (West Supp. 1997).  (R.

---

    [*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, *res judicata*, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

16, R. 24.)  We grant a certificate of appealability only upon a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

Because Dodson's petition was filed after April 24, 1996, it is subject to the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA).  See Lindh v. Murphy, 117 S. Ct. 2059, 2068 (1997).  Under AEDPA's amendments to § 2254, we may only grant a writ of habeas corpus if the state's adjudication of petitioner's claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (West Supp. 1997).

Dodson claims that the evidence presented at trial was insufficient to support his conviction.  Consequently, the appropriate Supreme Court case is Jackson v. Virginia, 443 U.S. 307, 319 (1979) ("[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.").  The Oklahoma Court of Criminal Appeals recognized the applicability of Jackson, and its determination was not "contrary to" or "an unreasonable application of" Jackson's holding.  See Dodson v. State,

No. F-83-767, at 4-5 (Okla. Crim. App. Dec. 18, 1986) (unpublished). (R. 12, Ex.

C at 4-5.)

Dodson has not made a substantial showing of the denial of a constitutional

right as required by 28 U.S.C. § 2253(c)(2) (West Supp. 1997). Dodson's request

for a certificate of appealability is DENIED and his appeal is DISMISSED.

The mandate shall issue forthwith.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge